IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AARON VICK<br><br>Plaintiff<br><br>vs.<br><br>JANETTE RODRIGUEZ, in her official capacity as Director of the Pretrial Services Program of the Commonwealth of Puerto Rico, known as OSAJ<br><br>Defendant | CIVIL NO.: 21-1552<br><br>RE:<br><br>Violation of the Privileges and Immunities Clause; Action for Declaratory Judgment and Injunctive Relief |

## MOTION FOR PRELIMINARY INJUNCTION

TO THE HONORABLE COURT:

COMES NOW the Plaintiff to this action, by and through his undersigned counsel, and, pursuant to Fed.R.Civ.P 65, respectfully states and prays:

### I. Introduction

1.1. In the Complaint filed on this same date, Plaintiff Aaron Vick ("AV"), a permanent Virginia resident who was recently charged with the commission of four (4) felonies, alleges that Defendant Janette Rodríguez ("Director Rodríguez"), acting under color of state law as the Director of Puerto Rico Pretrial Services Program ("OSAJ", its Spanish acronym), has taken the position that OSAJ may not and will not recommend to the local court a deferred bail for him because he is not a resident of Puerto Rico.

1.2. The Complaint further alleges that AV's co-defendant, a Puerto Rico resident, was awarded a deferred bail and asserts that OSAJ's position constitutes

discrimination on account of his out-of-state residency – Commonwealth-sponsored discrimination that violates the Privileges and Immunities Clause.

1.3. Premised on the factual predicates alleged in the Complaint, AV moves the Court for the entry of a preliminary injunction precluding Director Rodríguez from failing to recommend the imposition of a deferred bail premised on AV' Virginia residency.

## II. **Argument**

A. The preliminary *injunction* analytical framework:

2.1. First Circuit jurisprudence on the subject has ruled time and again that, in order "[t]o obtain a preliminary injunction, the plaintiffs bear the burden of demonstrating (1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest." *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003).

2.2. The pertinent caselaw clarifies that the four factors "are not entitled to equal weight in the decisional calculus." *Corp. Techs., Inc. v. Harnett*, 731 F.3d 6, 9 (1st Cir. 2013). Rather, the movants' likelihood of success on the merits "is the main bearing wall of the four-factor framework." *Id*. at 10 (internal quotation marks and citation omitted). *Accord W Holding Co. v. AIG Ins. Co.-Puerto Rico*, 748 F.3d 377, 383 (1st Cir. 2014) ("Truth be told, [l]ikelihood of success is the main bearing wall of this framework.") (cleaned-up).

2.3. Premised on the First Circuit's pronouncements, this Court has explained that "[e]valuating irreparable harm and its likelihood of success on the merits must be considered together. The greater the likelihood of success on the merits, the less required

showing of irreparable harm." *Total Petroleum Puerto Rico Corp. v. Colon-Colon*, 577 F. Supp. 2d 537, 551 (D.P.R. 2008).

2.4. The Court of Appeals has further explained that "[i]n the First Amendment context, the likelihood of success on the merits is the linchpin of the preliminary injunction analysis. As the Supreme Court has explained, '[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury'... Accordingly, irreparable injury is presumed upon a determination that the movants are likely to prevail on their First Amendment claim." *Sindicato Puertorriqueno de Trabajadores v. Fortuno*, 699 F.3d 1, 10-11 (1st Cir. 2012) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).

2.5. Applying the preceding teachings, it is evident that a preliminary *injunction* is warranted in this case inasmuch all the relevant factors amply support its issuance since AV has a strong likelihood to prevail on the merits and will suffer irreparable injury by the denial of a deferred bail. Moreover, the issuance of the preliminary *injunction* will not impose more of a burden on Defendant than its absence will impose on AV, and the granting of prompt injunctive relief will promote the public interest.

B. The likelihood to prevail on the merits:

3.1. The Complaint establishes that AV, a Virginia permanent resident since December of 2020, has a fundamental right to pretrial release, which will be deprived by OSAJ's failure to recommend a deferred bail. The Complaint further establishes that OSAJ recommended AV's co-defendant, a Puerto Rico resident, for a deferred bail, which was granted to him. Moreover, the Complaint establishes that the reason why OSAJ will not recommend AV for a deferred bail is his Virginia residency under the guise that OSAJ

will not be able to adequately supervise him if he continues to reside in Virginia during the pendency of the criminal charges recently filed against him *in absentia*.

3.2. Those facts, without more, establish a strong likelihood of success on the merits of the constitutional claim asserted in the Complaint because the Privileges and Immunities Clause, which applies to Puerto Rico by virtue of 48 U.S.C. § 737, "prohibits a state government from discriminating against nonresidents of that state on matters bearing on certain fundamental rights", *Costas-Elena v. Municipality of San Juan*, 714 F. Supp. 2d 263, 271 (D.P.R. 2010). The "right to physical freedom from incarceration prior to conviction", *Nashville Cmty. Bail Fund v. Gentry*, 496 F. Supp. 3d 1112, 1136 (M.D. Tenn. 2020), is one of the fundamental rights that activates the protections of the Privileges and Immunities Clause, and the reasons articulated by Director Rodríguez do not fall within the very discreet and narrow exceptions to the protections afforded by the Clause.

3.3. In view of these preeminent protections granted by the Privileges and Immunities Clause to all United States citizens and the facts alleged in the Complaint, it is pellucid that AV does have a strong likelihood to prevail on the merits on his constitutional claim.

C. The irreparable harm:

4.1. This Court has held that the "deprivation of a federal constitutional right for even minimal periods, unquestionably constitutes irreparable injury." *Lopez Quinonez v. Puerto Rico Nat. Guard*, 455 F. Supp. 2d 60, 63 (D.P.R. 2006) (cleaned-up). *See also Vaqueria Tres Monjitas, Inc. v. LaBoy*, 448 F. Supp. 2d 340, 350 (D.P.R. 2006) ("It is

settled that a deprivation of a federal constitutional right for even minimal periods of time, unquestionably constitutes irreparable injury.") (cleaned-up).

4.2. Other Courts have held that "[o]ngoing unlawful deprivations of liberty and the threat of unlawful detention and reimprisonment would violate plaintiffs' constitutional rights and therefore constitute quintessential irreparable harm." *Hardy v. Fischer*, 701 F. Supp. 2d 614, 619 (S.D.N.Y. 2010)

4.3. Thus, AV easily meets this factor.

D. The balance of hardships:

5.1. As this Court has noted, when, as here, Plaintiffs show a "strong likelihood of success, the balance of hardships weighs heavily in their favor." *Lucas-Insertco Pharm. Printing Co. of Maryland LLC v. Salzano*, 124 F. Supp. 2d 27, 32 (D.P.R. 2000).

5.2. Moreover, it is evident that the irreparable harm that AV faces easily outweighs any hardship that Director Rodríguez may suffer by the issuance of the preliminary *injunction* herein requested.

E. The impact on the public interest:

6.1. As the sister court for the District of Massachusetts acknowledged, an injunction "serves the public interest by ensuring that federal and state officials comply with applicable laws and regulations." *Neighborhood Ass'n of The Back Bay, Inc. v. Fed. Transit Admin.*, 407 F. Supp. 2d 323, 343 (D. Mass. 2005), *aff'd*, 463 F.3d 50 (1st Cir. 2006). The Court further acknowledged that "the public has an important interest in making sure government agencies follow the law." *Id*.

6.2. In this case, the public interest will be well served by the preliminary injunction herein requested since it will ensure that Director Rodriguez complies with the

Privileges and Immunities Clause, which was expressly made extensive to Puerto Rico officials. See *Mullaney v. Anderson*, 342 U.S. 415, 420 n. 2 (1952), explaining that, with the 1947 amendments to the Jones Act, Congress left "no doubt that there may be no discrimination against citizens of the United States who are not residents of Puerto Rico."

F. Security deposit:

    7.1.    Rule Fed.R.Civ.P. 65(c) provides that a preliminary injunction may only be issued if the movant gives security deposit.

    7.2.    The caselaw on this subject clarifies that courts have "discretion to dispense with the security requirement, or to request mere nominal security, where requiring security would effectively deny access to judicial review." *People of State of Cal. ex rel. Van De Kamp v. Tahoe Reg'l Planning Agency*, 766 F.2d 1319, 1325 (9th Cir.), amended, 775 F.2d 998 (9th Cir. 1985). Courts have also held that "the likelihood of success on the merits ... tips in favor of a minimal bond or no bond at all." *Id*; at p. 1326.

    7.3.    Given the strong likelihood of success that AV has, he should be excused from posting a bond or, in the alternative, he should be allowed to deposit a nominal security.

### III. Conclusion

    8.1.    The preceding discussion leaves no room for doubt that all the applicable factors decidedly favor the issuance of a preliminary *injunction*.

    8.2.    The protection of AV's constitutional rights warrants nothing less.

WHEREFORE, AV respectfully requests that the Court, after affording Director Rodríguez the opportunity to be heard, issue a preliminary *injunction* order prohibiting

- 7 -

OSAJ and Director Rodríguez from refusing to recommend AV to a deferred bail premised directly or indirectly on the fact that AV is not a Puerto Rico resident.

Respectfully submitted, in San Juan, Puerto Rico, on this 22nd day of November, 2021.

<u>S/Guillermo Ramos Luiña</u>
GUILLERMO RAMOS LUIÑA
USDC No. 204007
gramlui@yahoo.com

Despacho Jurídico Ramos Luiña, LLC
P.O. Box 22763, UPR Station
San Juan, PR 00931-2763
Tel.: (787) 620-0527
Fax: (787) 620-0039

<u>S/Leonardo M. Aldridge</u>
LEONARDO M. ALDRIDGE
USDC No. 300011
leoaldridge@hotmail.com

ECIJA-SBGB Law Offices
Miramar Plaza, Second Floor
Santurce, PR 00907
Tel.: 787-370-9024
Fax: 787-300-3208

*Attorneys for Plaintiff Aaron Vick*